UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HELENA SHEAR | * | |
| | * | CIVIL ACTION NO. 2:20-cv-02436 |
| VERSUS | * | |
| | * | JUDGE ASHE |
| JOSEPH LOPINTO, SHERIFF AND | * | |
| EX-OFFICIO  TAX COLLECTOR FOR | * | MAGISTRATE JUDGE ROBY |
| THE PARISH OF JEFFERSON | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * **

## FIRST AMENDED AND SUPERSEDING COMPLAINT FOR DAMAGES

In response to the motion to dismiss filed by Sheriff Joseph Lopinto, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, and with the Sheriff's consent, plaintiff Helena Shear amends her original complaint to remove any claim demanding "a return of ad valorem property taxes" and to assert the following allegations:

### PARTIES

**1.**

Plaintiff Helena Shear is an individual and a citizen of Louisiana.

**2.**

Defendant Joseph Lopinto, in his official capacity, is the Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson.  Under Fifth Circuit law, a parish sheriff is a political subdivision of the state, not a state agency, and is not entitled to sovereign immunity.  *See Cozzo v. Tangipahoa Parish Council – President Government*, 279 F.3d 273 (5th Cir. 2002).

### JURISDICTION AND VENUE

**3.**

This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 because Shear asserts claims arising out of the Constitution and laws of the United States.

**4.**

Venue is proper in this court according to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Shear's claims occurred in this district.

**FACTS**

**5.**

The Jefferson Parish Sheriff regularly holds tax sales for properties for which the owners have failed to pay, or are delinquent in paying, annual ad valorem taxes.

**6.**

According to applicable Louisiana law, "[a] tax sale confers on the tax sale purchaser . . . only tax sale title.  If the tax sale property is not redeemed [by its original owner] within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of the ownership and other interests, claims, or encumbrances held by all duly notified persons."  La. Stat. § 47:2121(C)(1).

**7.**

According to the Louisiana Constitution, "property sold [at a tax sale] shall be redeemable [by its original owner] for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption."  La. Const. art. VII, § 25(B)(1).

**8.**

Thus, under La. Stat. § 47:2121(C)(1), if the original owner of tax sale property does not redeem the property within three years of the date of recordation of the tax sale, the tax sale title holder becomes owner, as a matter of law.

**9.**

If, however, the original owner of the tax sale property redeems it within three years, La. Stat. § 47:2243 provides that the redemption payment "shall include all statutory impositions accruing before the date of payment with a five percent penalty and simple interest accruing at one percent per month, as well as all other sums required to be paid pursuant to this Subpart."  The statute provides further, "[t]he tax collector shall promptly remit the redemption payment to the tax sale purchaser."

**The Sheriff's 2016 Tax Sale**

**10.**

On August 3, 2016, the Jefferson Parish Sheriff held, and Shear participated in, an online tax sale at which the Sheriff auctioned properties delinquent on their 2015 taxes.

**11.**

At the time of this online tax sale, Newell Normand was the Sheriff.

**12.**

At the online tax sale, Shear separately bid on several different properties and submitted the winning bid on four different properties:

      (a)    7600 Westbank Expressway (parcel 0420004248) for $4,812.52;

      (b)    310 Veterans Boulevard (parcel 0820009840) for $7,687.99;

      (c)    7021 Airline Drive (parcel 0910011858) for $37,884.05; and

      (d)    2071 Spanish Oaks Dr. (parcel 930009009) for $21,067.12.

**13.**

Shear, however, notified the Sheriff that she wanted to purchase tax sale titles to only three of the four properties: the Westbank Expressway property, the Veterans Boulevard property, and the Airline Drive property.  Accordingly, Shear made $50,384.56 in bank funds available for an

electronic funds transfer, representing the total payment amounts for tax sale titles to the three properties she wanted.  The Sheriff failed to withdraw those funds, so Shear later wrote the Sheriff a check for that amount.

**14.**

On August 11, 2016, the Sheriff separately conveyed to Shear the tax sale title for each of the three properties Shear had paid for: the Westbank Expressway property, the Veterans Boulevard property, and the Airline Drive property.  The Sheriff also separately recorded the tax sale certificate for each property in the parish conveyance records on August 16, 2016.

**15.**

Within six months of the August 16, 2016 recordation of the tax certificate for the Airline Drive property, however, the original owner redeemed it.  Contrary to La. Stat. § 47:2243, the Sheriff did not remit the redemption payment to Shear, as the tax sale purchaser.

**16.**

On August 11, 2016, the Sheriff also conveyed to Shear the tax sale title for the Spanish Oaks property, even though Shear had not paid for it.  The tax sale certificate for the Spanish Oaks property was also separately recorded in the parish conveyance records on August 16, 2016— again, even though Shear had not paid for it.

**17.**

After some back and forth with the Sheriff about the Spanish Oaks property, which Shear had never paid for and told the Sheriff she did not want to buy, the Sheriff sued Shear in state court, seeking to force Shear to purchase the property's tax sale title (along with the others she had willingly purchased and agreed to pay for).  Since January 2017, the Sheriff has done nothing to pursue that alleged cause of action.

**Shear's 2016 – 2019 Tax Payments**

**18.**

As the valid tax sale title holder for the Westbank Expressway property and the Veterans Boulevard property, Shear received and was responsible for the annual tax bill for each property.

**19.**

For the Westbank Expressway property, Shear paid $4,139.56 for its 2016 taxes on March 17, 2017; $4,813.52 for its 2017 taxes on March 19, 2018; and $4,387.47 on March 19, 2019, for a total of $13,340.55.  Shear paid this amount to the Sheriff.

**20.**

For the Veterans Boulevard property, Shear paid $7,176.91 for its 2016 taxes on March 17, 2017; $7,318.61 for its 2017 taxes on March 19, 2018; and $7,318.61 on March 19, 2019, for a total of $21,814.13. Shear paid this amount to the Sheriff.

**21.**

In total, Shear paid $35,154.68 in property taxes to the Sheriff over three years for both the Westbank Expressway property and the Veterans Boulevard property.

**22.**

Though Shear also received the Spanish Oaks property's tax bills, she did not pay its property taxes because she had never paid for the property in the first place, and neither she—nor the Sheriff, as evidenced by his lawsuit—considered her to be its owner or valid tax sale title holder.

**23.**

On August 16, 2019, the three-year redemptive period for the Westbank Expressway property and the Veterans Boulevard property terminated.   Neither original property owner

redeemed these properties during this time, making Shear their owner, outright, under La. Stat. §

47:2121(C)(1).

**The Sheriff Illegally Takes
the Westbank Expressway and the Veterans Boulevard Properties**

**24.**

On September 12, 2019, a month after Louisiana's three-year redemptive period

terminated, the Sheriff unilaterally transferred ownership of the Westbank Expressway property

and the Veterans Boulevard property to Jefferson Parish—essentially to himself.

**25.**

The Sheriff did the same for the Spanish Oaks property, even after trying to sue Shear to

have her declared owner and to pay its purchase price.

**26.**

For each property, the Sheriff filed in the parish conveyance records an "Act of Correction

Amended Tax Sale," stating:

> BE IT KNOWN That on this day, 9/10/2019, before me, and for the
> Parish of Jefferson, State Louisiana [sic], personally came and
> appeared Joseph P. Lopinto, III, Sheriff and Ex-Officio Tax
> Collector, . . . who declared that on 8/5/2016 at the Jefferson Parish
> Tax Sale the Sheriff sold a Tax Sale Certificate to: HELENA
> SHEAR on the following described property . . . .
>
> That said Tax Sale Certificate to HELENA SHEAR is hereby
> amended and corrected to read as follows:
>
> Tax Sale Certificate for the following described property . . .
>
> Was sold to: JEFFERSON PARISH
>
> . . . for unpaid 2015 taxes at the Jefferson Parish Tax Sale on
> 8/5/2016.[1]

---

[1]    The date of the tax sale is incorrect in the Sheriff's "Acts of Correction." The Sheriff
       actually held the online tax sale on August 3, 2016.

**27.**

The Sheriff did not notify Shear of his recordations, either before or after the fact.  Shear learned about the Sheriff's "Acts of Correction" only after realizing, in late December 2019, she had not received the tax bills for either the Westbank Expressway property or the Veterans Boulevard property, and checking the conveyance records on her own.

**28.**

Upon information and belief, the Sheriff recorded these "Acts of Correction" as retaliation for Shear's not paying for the Spanish Oaks property's tax sale title, but the Sheriff reverted ownership of *all* the tax-sale properties Shear bid on at the August 3, 2016 tax sale, even though she legitimately owned two of them outright.

**29.**

Shear contacted the Sheriff about the "Acts of Correction."  She asked that, if the Sheriff wanted to strip her of her legitimate ownership of the Westbank Expressway property and the Veterans Boulevard property, the Sheriff should return the $35,154.68 she had paid in property taxes over the last three years.

**30.**

The Sheriff refused, replying that he considered her $35,154.68 in tax payments to be a donation because "anybody can pay anybody else's taxes."

## CAUSES OF ACTION

### Count One: The Sheriff's Unlawful Taking
### 42 U.S.C. § 1983 & The Fifth and Fourteenth Amendments

**31.**

Shear realleges and incorporates all proceeding paragraphs of this complaint.

**32.**

The Sheriff unconstitutionally took Shear's property, in violation of the Fifth Amendment of the U.S. Constitution, which provides: "nor shall private property be taken for public use, without just compensation."

**33.**

Shear validly owned the Westbank Expressway property and the Veterans Boulevard property and, as owner, had paid their property taxes for the last three years.

**34.**

Suddenly, and without notice, the Sheriff unconstitutionally took these properties by manipulating their record ownership by recording unlawful "Acts of Correction" in the parish conveyance records.

**35.**

Not only did the Sheriff fail to pay Shear just compensation for his taking, but the Sheriff intends to maliciously and unlawfully keep the Airline Drive redemption payment and $35,154.68 in tax payments, now contending that Shear intended to donate those funds as tax bill payments for and on behalf of Jefferson Parish.

**36.**

Upon information and belief, the Sheriff confiscated these properties not for public use, but as retaliation for Shear's unwillingness to purchase the Spanish Oaks property with outstanding taxes and other issues.

**37.**

As a result of the Sheriff's constitutional violation, Shear is entitled to damages, attorneys' fees, and other costs and expenses.

**Count Two: The Sheriff's Violation of Due Process**
**42 U.S.C. § 1983 & The Fourteenth Amendment**

**38.**

Shear realleges and incorporates all proceeding paragraphs of her complaint.

**39.**

For the same reasons, additionally or alternatively, the Sheriff violated Shear's procedural

due process rights by depriving her of her property without notice and opportunity to be heard.

**40.**

The Sheriff did not notify Shear before recording the "Acts of Correction" in the parish

conveyance records, which the Sheriff knew and intended would deprive Shear of her property.

**41.**

Likewise, Shear had no opportunity to be heard on the illegitimacy of the Sheriff's back-

dated "Acts of Correction,"

**42.**

As a result of the Sheriff's constitutional violation, Shear is entitled to damages, attorneys'

fees, and other costs and expenses.

**JURY DEMAND**

Shear demands a jury on any causes of action triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Helena Shear requests that this court enter judgment:

- In her favor, and against the Sheriff;

- Awarding compensatory damages in an amount to be determined at trial, and costs, attorneys' fees, and other expenses, including prejudgment interest; and

- Granting any other relief that this court deems just and proper.

                                        Respectfully submitted,


                                         /s/ Chloé M. Chetta
                                        John W. Joyce, #27525
                                        Chloé M. Chetta, #37070
                                        BARRASSO USDIN KUPPERMAN
                                          FREEMAN & SARVER, L.L.C.
                                        909 Poydras Street, Suite 2350
                                        New Orleans, Louisiana  70112
                                        Telephone:  504/589-9700
                                        Facsimile:  504/489-9701
                                        jjoyce@barrassousdin.com
                                        cchetta@barrassousdin.com

                                        *Attorneys for Helena Shear*