UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HELENA SHEAR | CIVIL ACTION |
| VERSUS | NO. 20-2436 |
| JOSEPH LOPINTO, SHERIFF AND EX OFFICIO TAX COLLECTOR FOR THE PARISH OF JEFFERSON | SECTION M (4) |

## ORDER & REASONS

Before the Court is a motion by plaintiff Helena Shear to strike defendant's affirmative defenses and paragraphs C, R, S, T, U, CC, and DD of his answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and to strike defendant's counterclaim or require him to provide a more definite statement pursuant to Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.[1] Defendant Sheriff Joseph Lopinto, in his official capacity as sheriff of Jefferson Parish, responds in opposition,[2] and Shear replies in further support of her motion.[3] Having considered the parties memoranda, the record, and the applicable law, the Court denies Shear's motion seeking relief under Rules 12(f) and 8(a), but grants limited relief under Rule 10(b).

### I.    BACKGROUND

This matter concerns constitutional claims arising from an alleged governmental taking of immovable property. On August 3, 2016, the Jefferson Parish Sheriff's Office ("JPSO")[4] held an online auction of properties on which the owners were delinquent in paying their 2015 property

---

[1] R. Doc. 31.
[2] R. Doc. 33.
[3] R. Doc. ___.
[4] Newell Normand was the Jefferson Parish sheriff at the time. R. Doc. 10 at 3.

taxes.[5] Shear participated in the tax sale, placing the winning bids on four properties: (1) 7600 Westbank Expressway (parcel 0420004248) for $4,812.52; (2) 310 Veterans Boulevard (parcel 0820009840) for $7,687.99; (3) 7021 Airline Drive (parcel 0910011858) for $37,884.05; and (4) 2071 Spanish Oaks Drive (parcel 0930009009) for $21,067.12.[6] Shear subsequently notified the JPSO that she wanted to purchase three of the four properties, namely, 7600 Westbank Expressway, 310 Veterans Boulevard, and 7021 Airline Drive.[7] Toward that end, Shear made $50,384.56 in bank funds available for an electronic funds transfer to the JPSO.[8] When the JPSO failed to withdraw the funds, Shear claims she wrote a check for that amount to the JPSO.[9]

On August 11, 2016, the JPSO conveyed to Shear the tax sale titles for each of the three properties she purchased, and on August 16, 2016, the JPSO recorded those tax sale certificates in the Jefferson Parish conveyance records.[10] On those same dates, the JPSO also conveyed to Shear the tax sale title for the Spanish Oaks property and recorded it in the Jefferson Parish conveyance records, even though Shear had informed the JPSO that she did not want to buy the Spanish Oaks property and had not paid for it.[11] After unsuccessful discussions between Shear and the JPSO regarding the Spanish Oaks property, Sheriff Lopinto sued Shear in state court seeking to force Shear to purchase the property's tax sale title.[12] However, Sheriff Lopinto has not pursued the suit since January 2017.[13]

---

[5] *Id.* at 3.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 3-4.
[9] *Id.* at 4.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

As the tax sale title holder for the Westbank Expressway and Veterans Boulevard properties,[14] Shear received and was responsible for paying the annual tax bills for the two properties.[15] For the tax years 2016 through 2018, Shear paid to the JPSO a total of $13,340.55 in taxes for the Westbank Expressway property and $21,814.13 in taxes for the Veterans Boulevard property.[16] Although Shear also received tax bills for the Spanish Oaks property, she did not pay them, she says, because she never purchased the property, and neither she nor the JPSO considered her to be the valid tax sale title holder.[17]

On August 16, 2019, the three-year redemption period for the Westbank Expressway and Veterans Boulevard properties expired with neither property having been timely redeemed by its original owner.[18] Thus, Shear claims she became the outright owner of both properties under Louisiana law.[19] Nevertheless, on September 12, 2019, without notice to Shear, Sheriff Lopinto allegedly transferred ownership of the Westbank Expressway, Veterans Boulevard, and Spanish Oaks properties to Jefferson Parish by filing in the Jefferson Parish conveyance records "acts of correction" that amended the recorded 2016 tax sales to list Jefferson Parish as the owner of each property.[20] Shear discovered the acts of correction when she checked the conveyance records on her own after she did not receive 2019 tax bills for the Westbank Expressway and Veterans Boulevard properties.[21] Shear subsequently contacted the JPSO and requested a refund of the

---

[14] Within six months of the tax sale, the original owner of the Airline Drive property redeemed it. Shear alleges that Sheriff Lopinto failed to remit to her, as the tax sale purchaser, the redemption payment. *Id.*
[15] *Id.* at 5.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 5-6.
[19] *Id.* (citing La. R.S. 47:2121(C)(1)).
[20] *Id.* at 6-7.
[21] *Id.* at 7.

3

$35,154.68 she paid in taxes for the two properties for the prior three years, but was allegedly told that her tax payments were being considered a donation.[22]

On September 4, 2020, Shear filed the instant suit against Sheriff Lopinto asserting claims under 28 U.S.C. § 1983 for violations of her Fifth and Fourteenth Amendment rights, along with Louisiana state-law claims for conversion, restoration or recovery for the payment of a thing not owed, and redemption of payment.[23] Sheriff Lopinto moved to dismiss Shear's complaint, arguing that her claims were barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and comity principles that counsel against federal court interference in a state's administration of its tax laws.[24] In response to Sheriff Lopinto's motion to dismiss her original complaint, and with Sheriff Lopinto's consent, Shear filed a first amended and superseding complaint for damages in which she expressly removed "any claim demanding a return of ad valorem property taxes."[25]

In the amended complaint, Shear includes allegations about the underlying facts of the tax sale and subsequent events to demonstrate her ownership of the properties.[26] She asserts two claims under § 1983 for violations of her constitutional rights.[27] First, Shear claims that Sheriff Lopinto violated the Takings Clause of the Fifth Amendment by taking her property without just compensation.[28] Second, Shear claims that Sheriff Lopinto violated the Due Process Clause of the Fourteenth Amendment by taking the property without giving her notice and an opportunity to be heard.[29]

---

[22] *Id.*
[23] R. Doc. 1.
[24] R. Doc. 5.
[25] R. Doc. 10.
[26] *Id.* at 1-7.
[27] *Id.* at 7-9.
[28] *Id.* at 7-8.
[29] *Id.* at 9.

Sheriff Lopinto moved to dismiss Shear's amended complaint, arguing that this Court lacked subject-matter jurisdiction over Shear's suit under the TIA and the comity doctrine.[30] Alternatively, Sheriff Lopinto argued that, if this Court disagrees with his first argument, paragraphs 18-21, 29, 30, and 35 must be stricken from the amended complaint because they are immaterial to Shear's constitutional claims.[31] Finally, Sheriff Lopinto argued that Shear has not stated any claims under § 1983 because she has not alleged that his acts of correction deprived her of any federal right she may have with respect to her ownership of the properties.[32]

In opposition, Shear argued that Sheriff Lopinto's motion to dismiss for lack of subject-matter jurisdiction should be denied because the amended complaint raises only constitutional claims, not any claims for the return of ad valorem property taxes.[33] She also argued that the allegations in paragraphs 18-21, 29, 30, and 35 should not be stricken under Rule 12(f) because they constitute relevant background facts supporting her constitutional claims.[34] Finally, Shear argued that she stated constitutional claims for deprivation of property rights and for failure to provide due process.[35]

This Court denied Sheriff Lopinto's motion, holding that neither the TIA nor the comity doctrine weighs against this Court's hearing the constitutional claims Shear raises in this suit because those claims do not directly affect the assessment, levy, or collection of any taxes.[36] The Court denied Sheriff Lopinto's motion to strike because the referenced paragraphs allege only as background the amount of taxes Shear paid to Sheriff Lopinto on the Westbank Expressway and

---

[30] R. Doc. 11-1 at 1-3.
[31] *Id.* at 3-4.
[32] *Id.* at 4-7.
[33] R. Doc. 13 at 5-11.
[34] *Id.* at 14-16.
[35] *Id.* at 11-13.
[36] R. Doc. 14 at 7-8.

Veterans Boulevard properties.[37] Finally, the Court held that Shear adequately alleged § 1983 claims for violations of the Takings Clause and the Due Process Clause.[38]

Thereafter, Sheriff Lopinto answered the complaint, asserting affirmative defenses and counterclaim.[39] Shear moved to partially strike Sheriff Lopinto's affirmative defenses and answer and to dismiss his counterclaim.[40] Sheriff Lopinto then filed an amended answer and counterclaim.[41] As a result, this Court dismissed as moot Shear's motion to strike Sheriff Lopintio's original answer and to dismiss his original counterclaim, and directed that any renewed motion address the defenses and claims raised in Sheriff Lopinto's amended answer and counterclaim.[42] Shear then filed the instant motion to strike and dismiss.[43]

## II. PENDING MOTION

Shear moves to strike Sheriff Lopinto's affirmative defenses, arguing that the TIA and the comity doctrine are not proper affirmative defenses and this Court has already ruled that they are inapplicable.[44] She also moves to strike paragraphs C, R, S, T, U, CC, and DD of Sheriff Lopinto's answer, arguing that these responses improperly rely on the TIA and comity doctrine to deny the allegations in the complaint.[45] Further, Shear argues that Sheriff Lopinto's counterclaim violates Rules 8(a) and 10(b) because he refers back to other allegations in the answer as the factual predicate of his counterclaim.[46]

---

[37] *Id.* at 9-10.
[38] *Id.* at 14.
[39] R. Doc. 15.
[40] R. Doc. 21.
[41] R. Doc. 30.
[42] R. Doc. 29.
[43] R. Doc. 31.
[44] R. Doc. 31-2 at 4-7.
[45] *Id.*
[46] *Id.* at 7-9.

In opposition, Sheriff Lopinto argues that his assertion of the TIA and comity doctrine as affirmative defenses is proper, notwithstanding the Court's prior interlocutory ruling, because he wants to preserve the right to raise these issues on a motion for reconsideration or on appeal.[47] Sheriff Lopinto also argues that the allegations Shear seeks to strike relate to her ownership of the properties at issue, which Sheriff Lopinto denies.[48] Sheriff Lopinto also argues that paragraphs C, R, S, T, U, CC, and DD are adequate because they specifically deny the allegations in the complaint.[49] Finally, Sheriff Lopinto argues that his counterclaim complies with the pleading rules because it lays out his allegations in numbered paragraphs and refers back to other allegations for brevity.[50]

## III.  LAW & ANALYSIS

### A. Shear's Motion to Strike Sheriff Lopinto's Affirmative Defenses and Paragraphs C, R, S, T, U, CC, and DD of His Amended Answer

#### 1. Rule 12(f) standard

Rule 12(f) permits a court to strike "from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, this "drastic remedy" should be used "sparingly" and is "disfavored." *Abene v. Jaybar, LLC.*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), and *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 680 F. Supp. 2d 780, 788 (E.D. La. 2010)). If there is any question concerning law or fact, the court should deny the motion. *Perez v. ZTE (USA), Inc.*, 2019 WL 1471011, at *1

---

[47] R. Doc. 33 at 9-11.
[48] *Id.* In his opposition memorandum, Sheriff Lopinto also addresses arguments Shear made in her motion to dismiss the original answer regarding prescription and lack of jurisdiction. *Id.* at 1-9. Shear does not expressly raise such arguments in her motion to dismiss the amended answer, and this Court previously dismissed her original motion as moot. Therefore, the Court need not consider these arguments.
[49] *Id.* at 11.
[50] *Id.* at 11-12.

7

(N.D. Tex. Apr. 2, 2019). A motion to strike is to be used "only when 'the allegations are prejudicial to the defendant or immaterial to the lawsuit.'" *Hi-Tech Elec., Inc. of Del. v. T&B Constr. & Elec. Servs., Inc.*, 2017 WL 660645, at *1 (E.D. La. Feb. 15, 2017) (quoting *Johnson v. Harvey*, 1998 WL 596745, at *7 (E.D. La. Sept. 8, 1998)). A matter is "immaterial" when it "can have no possible bearing upon the subject matter of the litigation." *Id.* (quotation omitted). A matter is "impertinent" when it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Duplechain v. Neustrom*, 2017 WL 2656196, at *2 (W.D. La. May 2, 2017). A matter is "scandalous" when it "improperly casts a derogatory light on someone, most typically a party to the action." *In re Pioneer Health Servs., Inc.*, 2018 WL 4812432, at *10 (S.D. Miss. Oct. 2, 2018) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed)). In addition, a court may strike allegations which make use of privileged communications. *Sims v. Roux Labs., Inc.*, 2007 WL 2571941, at *1 (E.D. La. Aug. 31, 2007).

### 2. Analysis

Shear argues that Sheriff Lopinto's affirmative defenses of the TIA and comity doctrine, and any part of the answer referring to such defenses, particularly paragraphs C, R, S, T, U, CC, and DD, should be stricken because the Court held that those concepts do not apply to Shear's constitutional claims and she is concerned that Sheriff Lopinto will use the TIA and comity doctrine as shields to avoid discovery.[51] Regardless of Shear's fears, Sheriff Lopinto's affirmative defenses and answers citing the TIA and comity doctrine are not redundant, immaterial, impertinent, or scandalous matter. These raise legitimate questions that have already surfaced in this suit and may well appear again depending on where the facts lead. Sheriff Lopinto also has a

---

[51] R. Doc. 31 at 5-8.

right to preserve these issues for appeal. Moreover, paragraphs C, R, S, T, U, CC, and DD of the answer comply with Rule 8(b) because they specifically deny allegations of the complaint. If Shear's fears regarding discovery issues become reality, she can address any such problems as they arise via a discovery motion.

### B. Shear's Motion to Dismiss Sheriff Lopinto's Counterclaim

Rule 10(b) of the Federal Rules of Civil Procedure states that claims must be stated "in numbered paragraph, each limited as far as practicable to a single set of circumstances." Sheriff Lopinto's counterclaim consists of such numbered paragraphs. Shear complains that Sheriff Lopinto's counterclaim refers back to earlier allegations in the answer and that it is impossible to answer the counterclaim because of it.[52]

Sheriff Lopinto's counterclaim is certainly not the model of orderly pleading, but this is not the question. The Court must determine whether Sheriff Lopinto's pleading of the counterclaim is out of bounds. On the one hand, the incorporation of earlier allegations in a pleading, in moderation, is a common and approved practice. *See* Fed. R. Civ. P. 10(c). On the other hand, "shotgun pleading" – which includes (1) "a complaint containing multiple counts where each count adopts the allegations of all other preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a pleading that fails to separate "into a different count each cause of action or claim for relief"; and (4) a pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" – is pleading that fails

---

[52] *Id.* at 8-9.

"to give the defendants adequate notice of the claims against them and the grounds upon which claims rest" and is disfavored. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

In pleading his counterclaim, Sheriff Lopinto "realleges and incorporates … *all of the allegations of his Amended Answer*, particularly including Section I, Paragraphs E through P, U through Z and AA, and Section II, Paragraphs H, I, M through R, X and Y of his Amended Answer," and alternately asserts he is entitled to a judgment declaring that the tax sales to Shear and the tax sale certificates are absolutely or relatively null, never existed, were dissolved, are rescinded, and provide no constitutional protection.[53] Thus, all facts upon which the counterclaim is based are incorporated by reference. The Court recognizes Sheriff Lopinto's right to plead by incorporation as to the factual allegations recited in the specifically referenced paragraphs but not as to "all of the allegations of his Amended Answer," which resembles too much the "shotgun pleading" that is disfavored. Therefore, in responding to the counterclaim, Shear is only required to answer the allegations contained in the specifically referenced paragraphs of Sheriff Lopinto's amended answer but *not* all the allegations of his amended answer.[54] With this relief, the Court is confident that Shear will be able to sift the counterclaim in order to answer it completely.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Shear's motion (R. Doc. 31) is GRANTED in part and DENIED in part.

---

[53] R. Doc. 30 at 19-21 (emphasis added).
[54] To the extent Sheriff Lopinto believes this relief results in too narrow a reading of his counterclaim (perhaps eliminating from his counterclaim essential factual allegations he intended to incorporate), he is free to seek leave to file an amended counterclaim that avoids the sin of wholesale incorporation and, instead, pleads specifically and expressly each factual allegation upon which he relies.

New Orleans, Louisiana, this 20th day of May, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE